IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY J. ANDERSON, | No. C 12-0887 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MARK A. PETERSON, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail, filed this civil action. He seeks money damages from defendants for infringing his purported trademark and copyright of his own name. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it for failure to state a cognizable claim for relief.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Plaintiff contends that he has a trademark on and copyright protection of his own name. He seeks money damages from defendants, who are county officials, attorneys and police officers, for using his name in various documents. Plaintiff cannot trademark or obtain copyright protection for his own name. *See Abraham Zion Corp. v. Lebow,* 761 F.2d 93, 104 (2d Cir. 1985) (a personal name is a descriptive term that cannot, absent acquisition of a secondary meaning, be trademarked); 37 C.F.R. § 202.1(a) (no copyright protection for names); *Kitchens of Sara Lee, Inc. v. Nifty Foods, Corp.*, 266 F.2d 541 (2d Cir. 1959) (same). Consequently, his complaint, even when liberally construed, does not state a cognizable claim for relief and will be dismissed.

//

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: April 24, 2012

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

TROY J ANDERSON,

        Plaintiff,

  v.

COUNTY COUNSEL et al,

        Defendant.
                                               /

Case Number: CV12-00887 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy J. Anderson CC10CL834
901 Court Street
Martinez, CA 94553

Dated: April 24, 2012

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk